## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. KOZEL, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 2:14-cv-01059-JFC |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH L. KOZEL, MICHAEL E. | ) | |
| SPEARS, Esquire, SCOTT J. RICK, | ) | |
| DALLAS C. KOZEL, and I.L.K., | ) | |
| | ) | |
| Defendants. | ) | ***Electronically Filed*** |

## COMPLAINT

AND NOW comes Plaintiff, David F. Kozel, by and through his attorneys, Heather S. Heidelbaugh, Esquire, Patrick R. Malone, Esquire, Steven M. Toprani, Esquire, and LEECH TISHMAN FUSCALDO & LAMPL, LLC, and files this Complaint against Deborah L. Kozel, Michael E. Spears, Esquire, Scott J. Rick, Dallas C. Kozel, and I.L.K., and in support thereof, avers as follows:

## PARTIES

1.      Plaintiff, David F. Kozel, is an individual who resides in Highland Park, Dallas County, Texas.

2.      Defendant, Deborah L. Kozel, is an individual who resides in Landrum, South Carolina.

3.      Defendant, Michael E. Spears, is, upon information and belief, an individual and licensed attorney, who conducts business at 122 South Liberty Street, Spartanburg, South Carolina, 29306.

4.      Defendant, Scott J. Rick, is upon information and belief, an individual and a detective with the Northern Regional Police Department, who conducts business located at 230 Pearce Mill Road, Wexford, Pennsylvania, 15090.

5.      Defendant, Dallas Kozel, is an individual who resides in Landrum, South Carolina.

6.      Defendant, I.L.K., a minor, age 17, is an individual who resides in Landrum, South Carolina.

## JURISDICTION

7.      Jurisdiction is appropriately situated in this Honorable Court pursuant to 28 U.S.C. § 1332 since there is diversity between the parties and the amount in controversy exceeds $75,000.

8.      Furthermore, this Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 with regard to Plaintiff's claims under 42 U.S.C. § 1983 and has supplementary jurisdiction over the remainder of Plaintiff's claims pursuant to 28 U.S.C. § 1367.

## VENUE

9.      Venue is appropriately situated in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) since the events and circumstances which form the basis of this lawsuit transpired in this District.

## NATURE OF ACTION

10.     This action arises out of false criminal charges brought against Mr. Kozel due to false allegations that Mr. Kozel sexually assaulted and physically abused his two minor

daughters, Dallas Kozel and I.L.K., when they came to visit him in Allegheny County, Pennsylvania.

11.    These false allegations, and subsequent false criminal charges, were made in an attempt to harass, embarrass and extort money from Mr. Kozel.

## FACTUAL ALLEGATIONS

12.    On July 30, 1994, Mr. Kozel married Deborah Kozel.

13.    Mr. Kozel and Deborah Kozel resided in Allegheny County, Pennsylvania during their marriage.

14.    In 1995, Mr. Kozel and Deborah Kozel had their first child, Dallas Kozel.

15.    In 1997, Mr. Kozel and Deborah Kozel had their second child, I.L.K.

16.    In or about September 1998, Mr. Kozel and Deborah Kozel separated.

17.    In or about September 1998, Deborah Kozel moved to South Carolina with Dallas Kozel and I.L.K.

18.    In or about 1998, Mr. Kozel and Deborah Kozel agreed to share custody of Dallas Kozel and I.L.K., and the two girls came to visit Mr. Kozel in Allegheny County, Pennsylvania several times per year.

19.    While Mr. Kozel and Deborah Kozel litigated their divorce, Dallas Kozel and Deborah Kozel were interviewed by psychologists, family court judges and social workers.

20.    Upon information and belief, between April 10, 2000 and June 7, 2004, Dallas Kozel saw Caryn M. Coons, M.A. at Living Process Counseling in Landrum, South Carolina, for forty-two (42) sessions.

3

21.     Upon information and belief, between April 10, 2000 and June 7, 2004, I.L.K. saw Caryn M. Coons, M.A. at Living Process Counseling in Landrum, South Carolina, for forty-two (42) sessions.

22.     At no point during these sessions did either Dallas Kozel or I.L.K. disclose or complain of any sexual abuse by Mr. Kozel.

23.     On April 4, 2002, a Decree of Divorce was entered between Mr. Kozel and Deborah Kozel by the Allegheny County Court of Common Pleas, Family Division in Pennsylvania.

24.     On June 16, 2004, the Allegheny County Court of Common Pleas, Family Division ordered that Mr. Kozel and Deborah Kozel would share custody.

25.     Upon information and belief, by January 18, 2005, Deborah Kozel had spent $463,561.51 in legal fees, expert fees and costs as part of her ongoing efforts to extract monies from Mr. Kozel.

26.     Upon information and belief, between September 9, 2005 and October 10, 2007, Dallas Kozel saw Kim Rosborough, LISW at Turning Leaves for Children in Spartanburg, South Carolina, for thirty-six (36) sessions.

27.     Upon information and belief, between September 9, 2005 and October 10, 2007, I.L.K. saw Kim Rosborough, LISW at Turning Leaves for Children in Spartanburg, South Carolina, for thirty-one (31) sessions.

28.     At no point during these sessions, did either Dallas Kozel or I.L.K. disclose or complain of any sexual abuse by Mr. Kozel.

29.     On September 27, 2005, the Allegheny County Court of Common Pleas, Family Division ordered that Deborah Kozel would be awarded fifty percent (50%) of the marital estate for a total of $664,924.00.

30.     On June 2, 2006, Dallas Kozel and I.L.K. were interviewed by the Honorable Kathryn Hens-Greco.

31.     At no point during these interviews, did either Dallas Kozel or I.L.K. disclose or complain of any sexual abuse by Mr. Kozel.

32.     On February 27, 2007, the Superior Court of Pennsylvania addressed various appeals and final judgment was entered in the Allegheny County Court of Common Pleas, Family Division resolving the economic issues between Mr. Kozel and Deborah Kozel.

33.     This Order affirmed that Mr. Kozel pay $6,344.00 per month in child support.

34.     These child support payments were to remain in effect until each child's eighteenth (18th) birthday.

35.     This Order also noted that Mr. Kozel had paid Deborah Kozel at least $272,064.00 in Alimony Pendente Lite (APL) payments and that Deborah Kozel was not in need of the additional APL she was seeking.

36.     A true and correct copy of said Order is attached hereto as Exhibit "A."

37.     On October 10, 2007, Mr. Kozel, Deborah Kozel, Dallas Kozel and I.L.K. all participated in an evaluation with William D. Fischer, Ph.D. at Allegheny Forensic Associates, Child Custody Division.

38.     At no point during this evaluation, did either Dallas Kozel or I.L.K. disclose or complain of any sexual abuse by Mr. Kozel.

39.     On March 11, 2008, Deborah Kozel filed a Petition for Modification of Child Support in the Allegheny County Court of Common Pleas, Family Division, seeking an increase in child support.

40.     A true and correct copy of said Petition is attached hereto as Exhibit "B."

41.     On March 17, 2008, Deborah Kozel's Petition was dismissed without hearing.

42.     On August 6, 2009, the Superior Court of Pennsylvania affirmed the dismissal.

43.     Upon information and belief, between December 6, 2010 and December 16, 2013, Dallas Kozel saw Gabrielle Leopard, Ed.S., LMFT-S, RPT-S, at Magnolia Counseling Associates in Spartanburg, South Carolina, for five (5) sessions.

44.     At no point during this evaluation did Dallas Kozel ever disclose or complain of any sexual abuse by Mr. Kozel.

45.     Upon information and belief, between December 13, 2011 and January 20, 2012, Dallas Kozel saw her school therapist at Oakdale on three (3) occasions.

46.     At no point during this evaluation did Dallas Kozel ever disclose or complain of any sexual abuse by Mr. Kozel.

47.     On or about January 30, 2012, Dallas Kozel enrolled at SUWS of the Carolinas and was evaluated by Scott J. Miller, Psy.D.

48.     At no point during this evaluation did Dallas Kozel ever disclose or complain of any sexual abuse by Mr. Kozel.

49.     Upon information and belief, on February 8, 2012, Deborah Kozel reported to Scott Miller that when Dallas was a child, she told her therapist that she felt uncomfortable when her father gave her a bath.

50.     There is no evidence to suggest that Kim Rosborough, or any other therapist, counselor, and/or psychologist Dallas Kozel saw, ever filed a child-line report to disclose abuse.

51.     Upon information and belief, between February 22, 2012 and November 27, 2012, I.L.K. saw Kim Rosborough, LISW at Turning Leaves for Children in Spartanburg, South Carolina, for six (6) sessions.

52.     At no point during these sessions did I.L.K. ever disclose or complain of any sexual abuse by Mr. Kozel.

53.     On March 23, 2012, Dallas Kozel enrolled at Spring Ridge Academy, a therapeutic boarding school for girls, located in Arizona.

54.     On May 15, 2012, Deborah Kozel filed a Support Complaint in the Family Court of the Seventh Judicial Circuit in South Carolina, in which she sought additional monies for child support from Mr. Kozel.

55.     A true and correct copy of said Complaint is attached hereto as Exhibit "C."

56.     In May of 2012, Deborah Kozel was still receiving $6,344.00 per month from Mr. Kozel in child support.

57.     In or around June 2012, Deborah Kozel wrote Mr. Kozel a letter demanding that Mr. Kozel pay her additional monies and reimburse her additional expenses.

58.     In said letter, Deborah Kozel demanded Mr. Kozel quadruple his current child support payment of $6,344.00 per month to $25,376.00 per month, until each child's twenty-first birthday.

59.     A true and correct copy of said letter is attached hereto as Exhibit "D."

60.     On August 10, 2012, the Family Court of the Seventh Judicial Circuit in South Carolina dismissed the Support Complaint for lack of jurisdiction.

61.     A true and correct copy of said Order is attached hereto as Exhibit "E."

62.     On November 9, 2012, Deborah Kozel filed a Petition for Modification of Existing Order for Child Support in the Allegheny County Court of Common Pleas, Family Division, seeking an increase in child support.

63.     On November 21, 2012, by consent of parties, the Petition was dismissed for lack of jurisdiction, entitling Deborah Kozel to re-file the Petition in Texas, where Mr. Kozel resides.

64.     In December 2012, Dallas Kozel travelled from Arizona, where she was going to school at the time, to South Carolina in order to visit with her mother, Deborah Kozel, and sister, I.L.K., over the Christmas holiday.

65.     Upon information and belief, on December 21, 2012, Deborah Kozel contacted Kim Rosborough and told her to ask I.L.K. to "remember incident – David touching in bath tub both girls."

66.     A true and correct copy of Kim Rosborough's December 21, 2012 note is attached hereto as Exhibit "F."

67.     There is no evidence to suggest that Kim Rosborough, or any other therapist, counselor, and/or psychologist I.L.K. saw, ever filed a child-line report to disclose abuse.

68.     Upon information and belief, on January 3, 2013, Deborah Kozel and Michael Spears made arrangements to travel from South Carolina, where they resided, to Arizona, where Dallas Kozel was residing at the time.

69.     A true and correct copy of travel documents are attached hereto as Exhibit "G."

70.     Upon information and belief, on January 7, 2013, approximately one month prior to her eighteenth birthday and impending cessation of her father's child support payment

obligations, Dallas Kozel, for the first time, accused Mr. Kozel of sexually assaulting and physically abusing her as a child.

71.    On that date, a police officer from Yavapai County Sherriff's Office was dispatched to take her report.

72.    A true and correct copy of the Yavapai County Police Report is attached hereto as Exhibit "H."

73.    A true and correct copy of Dallas Kozel's January 7, 2013 handwritten statement is attached hereto as Exhibit "I."

74.    A true and correct copy of Dallas Kozel's Transcription of Interview with the Yavapai County Sheriff's Office on January 7, 2013 is attached hereto as Exhibit "J."

75.    Upon information and belief, on January 9, 2013, Deborah Kozel and Michael Spears travelled to Arizona to meet with Dallas Kozel and the investigating officer.  As set forth above, these travel arrangements were made prior to Dallas Kozel's first allegation of abuse.

76.    Upon information and belief, on January 10, 2013, Yavapai County Sheriff met with Deborah Kozel and Mr. Spears to discuss the next steps that would be taken in this investigation.  *See* Exhibit "H."

77.    During this meeting, Deborah Kozel told the officer that she was learning of the sexual molestation for the first time, despite having booked her flight four days prior to Dallas Kozel's first-reported accusations.  *See* Exhibit "H."

78.    Deborah Kozel's statement to the officer that she was learning of the sexual molestation for the first time is also contradicted by her February 8, 2012 statement to Scott Miller, as referenced in Paragraph 49, and Deborah Kozel's December 21, 2012 contact with Kim Rosborough, as referenced in Paragraph 65.

79.     Upon information and belief, on February 7, 2013, Detective Scott J. Rick with the Northern Regional Police Department in Allegheny County, Pennsylvania, received a telephone phone from Yavapai County, Arizona's Sheriff Office regarding a sexual assault investigation their agency was conducting with regard to Dallas Kozel.

80.     A true and correct copy of Mr. Rick's investigation file is attached hereto as Exhibit "K."

81.     Upon information and belief, Mr. Rick contacted Deborah Kozel following this report, who advised that I.L.K. had also been sexually assaulted by Mr. Kozel. *See* Exhibit "K."

82.     Upon information and belief, on February 12, 2013, Deborah Kozel and Mr. Spears contacted Mr. Rick to discuss the investigation.  *See* Exhibit "K."

83.     Mr. Spears represented himself to Mr. Rick as an attorney representing Deborah Kozel, Dallas Kozel and I.L.K.  *See* Exhibit "K."

84.     Upon information and belief, on February 14, 2013, Mr. Spears telephoned Mr. Rick and informed him that Dallas Kozel and I.L.K. would be in Pittsburgh on February 27, 2013 for interviews with the Allegheny County District Attorney's Office. *See* Exhibit "K."

85.     Upon information and belief, on February 27, 2013, Mr. Rick, Deputy District Attorney Laura Ditka, Assistant District Attorney Jennifer Diagovanni, Assistant District Attorney Patrick Schulte and Pittsburgh Action Against Rape Advocate Andrea Pottgren met with Dallas Kozel and I.L.K. in order to interview them regarding their accusations that Mr. Kozel sexually abused them as children. *See* Exhibit "K."

86.     District Attorney Laura Ditka has a personal connection with Sandee Kozel, Deborah Kozel's ex-sister-in-law.

87.     At this February 27, 2013 meeting, Dallas Kozel accused Mr. Kozel of graphic and false depictions of sexual contact when she came to visit him in Allegheny County, Pennsylvania.  *See* Exhibit "K."

88.     At this February 27, 2013 meeting, I.L.K. also accused Mr. Kozel of graphic and false depictions of sexual contact when she came to visit him in Allegheny County, Pennsylvania.  *See Exhibit* "K."

89.     On March 5, 2013, Deborah Kozel filed a Petition Seeking Modification of Child Support in the District Court of the 303rd Judicial District, Dallas County, Texas.

90.     A true and correct copy of said Petition is attached hereto as Exhibit "L."

91.     Upon information and belief, on May 25, 2013, Mr. Spears contacted Mr. Rick to inform him that Dallas Kozel and I.L.K. were prepared to disclose criminal acts that had occurred to them.  *See* Exhibit "K."

92.     Upon information and belief, on June 6, 2013, Mr. Rick, Mr. Schulte and Ms. Pottgren again interviewed I.L.K. regarding her accusations that Mr. Kozel sexually abused her when she was a child.  *See* Exhibit "K."

93.     At this June 6, 2013 meeting, I.L.K. accused Mr. Kozel of graphic and false depictions of sexual contact when she came to visit him in Allegheny County, Pennsylvania as a young girl.  *See* Exhibit "K."

94.     I.L.K.'s June 6, 2013 report was starkly different from the report she gave on February 27, 2013.

95.     On July 9, 2013, the District Court of the 303rd Judicial District in Dallas County, Texas Ordered that Deborah Kozel's attorney may withdraw his Appearance.

96.     A true and correct copy of said Order is attached hereto as Exhibit "M."

97.    Upon information and belief, on July 17, 2013, Mr. Rick, Mr. Schulte, Ms. Pottgren again interviewed Dallas Kozel regarding her accusations that Mr. Kozel sexually abused her when she was a child.  *See* Exhibit "K."

98.    At this meeting, Dallas Kozel accused Mr. Kozel of graphic and false depictions of sexual contact when she came to visit him in Allegheny County, Pennsylvania as a young girl.  *See* Exhibit "K."

99.    Dallas Kozel's July 17, 2013 report was starkly different from the report she gave on February 27, 2013.

100.    On July 30, 2013, the District Court of the 303rd Judicial District in Dallas County, Texas issued a Temporary Order reducing Child Support payment obligations to $1,236.92 for I.L.K. only.

101.    A true and correct copy of said Order is attached hereto as Exhibit "N."

102.    On August 5, 2013, six (6) days after Deborah Kozel's child support payments were reduced to $1,236.92, the Commonwealth of Pennsylvania filed a Criminal Complaint against Mr. Kozel in the Court of Common Pleas of Allegheny County, at Docket Number CP-02-CR-0015401-2013, in which he was charged with 2 counts Aggravated Indecent Assault, 2 counts Indecent Assault, 2 counts Endangering the Welfare of Children, 2 counts Unlawful Contact with Children, and 2 counts Corruption of Minors.

103.    A true and correct copy of said Complaint is attached hereto as Exhibit "O."

104.    On August 5, 2013, a warrant was issued to take Mr. Kozel into custody.  *See* Exhibit "K."

105.    On August 28, 2013, bail was set against Mr. Kozel in the amount of $100,000.

12

106.    Mr. Kozel was also forced to surrender his passport in accordance with the conditions of bond imposed for his release.

107.    Upon information and belief, on August 30, 2013, Mr. Rick faxed a copy of the Warrant to Mr. Spears for review.

108.    Upon information and belief, on September 9, 2013, Mr. Rick again interviewed Deborah Kozel.

109.    Upon information and belief, on November 5, 2013, Mr. Rick interviewed Mr. Kozel's ex-wife, Deanna Kozel.  *See* Exhibit "K."

110.    During this interview, Deanna Kozel informed Mr. Rick that she was the primary caregiver for Dallas Kozel and I.L.K. when they came to visit Mr. Kozel, including bathing them and dressing them. *See* Exhibit "K."

111.    During this interview, Deanna Kozel informed Mr. Rick that Mr. Kozel was never alone with Dallas and/or I.L.K., did not sleep in bed with them, did not bathe them, did not dress them, and did not take naps with them. *See* Exhibit "K."

112.    During this interview, Deanna Kozel informed Mr. Rick that the criminal charges were false and motivated by Deborah Kozel's desire for additional money from Mr. Kozel.  *See* Exhibit "K."

113.    On November 6, 2013, a Magistrate Hearing was held.

114.    Mr. Spears attended the November 6, 2013 Magistrate Hearing.

115.    Also in attendance at the November 6, 2013 Magistrate Hearing were Margaret N. Fox, Esquire, and Deborah Kozel's ex-sister-in-laws, Ashley Kozel and Sandee Kozel.

116.    Upon information and belief, on November 7, 2013, Deanna Kozel's attorney, Charles Porter, contacted Mr. Rick and informed him that Deanna Kozel believed that Deborah Kozel had left harassing notes at her home. *See* Exhibit "K."

117.    Upon information and belief, Mr. Rick did not do anything to investigate the harassment other than to call Mr. Spears and Deborah Kozel. *See* Exhibit "K."

118.    Upon information and belief, on November 12, 2013, Mr. Porter again contacted Mr. Rick and informed him that Deanna Kozel believed that Deborah Kozel had left threatening notes at her home. *See* Exhibit "K."

119.    Upon information and belief, Mr. Rick did not do anything to investigate the harassment other than to call Mr. Spears and Deborah Kozel. *See* Exhibit "K."

120.    On January 2, 2014, Mr. Kozel was arraigned.

121.    On July 22, 2014, a non-jury trial ensued before the Honorable Donna Jo McDaniel in the Court of Common Pleas of Allegheny County, Criminal Division.

122.    At the conclusion of Mr. Kozel's case, Judge McDaniel acquitted Mr. Kozel of all charges.

123.    A true and correct copy of pages 198-199 of the Trial Transcript are attached hereto as Exhibit "P."

124.    Therein, Judge McDaniel stated: "In this case I see two very, very sad victims. Now my question is to decide whether they are victims of sexual abuse or whether they're victims of some cruel hoax perpetrated most likely by their mother.  I saw the videos and the pictures of the children when they were young.  They were clearly happy, affectionate children. There were a number of inconsistencies, but the one thing that I just can't get over is the reporting timeline."

125.    The public media reports of the false charges and the ensuing malicious prosecution have devastated Mr. Kozel, his family, and his businesses.

126.    The crimes he was falsely accused of are among the most horrific crimes imaginable and the charges were completely false, yet the damage to his reputation was complete and irreparable.

127.    He has been forced to resign from many boards and cease many business and community endeavors.

128.    His business and financial interests have been devastated, and he has spent hundreds of thousands of dollars in legal fees and expenses in an effort to clear his name and restore his reputation.

129.    Mr. Kozel demands a trial by jury.

### COUNT I
### Malicious Prosecution
### Dallas Kozel and I.L.K.

130.    Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

131.    The criminal proceedings against Mr. Kozel were not supported by probable cause but were based on false statements promulgated by Dallas Kozel and I.L.K.

132.    The accusations against Mr. Kozel by Dallas Kozel and I.L.K. have been proven to be false.

133.    On July 22, 2014, the honorable Donna Jo McDaniel acquitted Mr. Kozel of all charges.

134.    Dallas Kozel and I.L.K. were motivated by malice towards Mr. Kozel in making the false statements upon which the charges against Mr. Kozel were based.

135.    The criminal proceedings were initiated due to false statements made by Dallas Kozel and I.L.K., for a purpose other than to bring Mr. Kozel to justice, including an attempt to harass, embarrass, and extort money from Mr. Kozel.

136.    As a result of Dallas Kozel and I.L.K.'s actions, Mr. Kozel suffered severe economic and personal harm, including restraint on his liberty, severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Dallas C. Kozel and I.L.K. in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

### COUNT II
### Malicious Prosecution
### Deborah Kozel

137.    Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

138.    The criminal proceedings against Mr. Kozel were not supported by probable cause but were based on false statements promulgated by Deborah Kozel.

139.    Deborah Kozel made false claims regarding Mr. Kozel.

140.    Deborah Kozel also convinced her daughters, Dallas Kozel and I.L.K., to make false claims regarding Mr. Kozel.

141.    The accusations against Mr. Kozel have been proven to be false.

142.    On July 22, 2014, the honorable Donna Jo McDaniel acquitted Mr. Kozel of all charges.

143.    Deborah Kozel was motivated by malice towards Mr. Kozel in making the false statements upon which the charges against Mr. Kozel were based.

144.    The criminal proceedings were initiated due to false statements made by Deborah Kozel, for a purpose other than to bring Mr. Kozel to justice, including an attempt to harass, embarrass, and extort money from Mr. Kozel.

145.    As a result of Deborah Kozel's actions, Mr. Kozel suffered severe economic and personal harm, including restraint on his liberty, severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Deborah L. Kozel in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

**COUNT III**
**Malicious Prosecution**
**Michael E. Spears, Esquire**

146.    Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

147.    The criminal proceedings against Mr. Kozel were not supported by probable cause but were based on false statements promulgated by Mr. Spears.

148.    Mr. Spears made false claims regarding Mr. Kozel.

149.    Mr. Spears contacted Mr. Rick at the Northern Regional Police Department to ensure that criminal proceedings were initiated against Mr. Kozel.

150.    The accusations against Mr. Kozel have been proven to be false.

151.     On July 22, 2014, the honorable Donna Jo McDaniel acquitted Mr. Kozel of all charges.

152.     Mr. Spears was motivated by malice towards Mr. Kozel in making the false statements upon which the charges against Mr. Kozel were based.

153.     The criminal proceedings were initiated due to false statements made by Mr. Spears, for a purpose other than to bring Mr. Kozel to justice, including an attempt to harass, embarrass, and extort money from Mr. Kozel.

154.     As a result of Mr. Spears' actions, Mr. Kozel suffered severe economic and personal harm, including restraint on his liberty, severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Michael E. Spears, Esquire in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

### COUNT IV
### Violation of 28 U.S.C. § 1983: Malicious Prosecution
### Dallas C. Kozel, Deborah L. Kozel, I.L.K.,
### and Michael E. Spears, Esquire

155.     Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

156.     The criminal proceedings against Mr. Kozel were not supported by probable cause but were based on false statements promulgated by the Defendants listed in Count IV.

157.     These Defendants made false claims regarding Mr. Kozel.

158.     The accusations against Mr. Kozel have been proven to be false.

159.     On July 22, 2014, the honorable Donna Jo McDaniel acquitted Mr. Kozel of all charges.

160.     These Defendants were motivated by malice towards Mr. Kozel in making the false statements upon which the charges against Mr. Kozel were based.

161.     The criminal proceedings were initiated due to false statements made by these Defendants, for a purpose other than to bring Mr. Kozel to justice, including an attempt to harass, embarrass, and extort money from Mr. Kozel.

162.     Mr. Kozel suffered deprivation of liberty as a result of the criminal legal proceedings brought against him.

163.     As a result of these Defendants' actions, Mr. Kozel suffered severe economic and personal harm, including restraint on his liberty, severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Dallas C. Kozel, Deborah L. Kozel, I.L.K., and Michael E. Spears, Esquire in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

## COUNT V
### Malicious Abuse of Process
**Dallas C. Kozel, Deborah L. Kozel, I.L.K.,
and Michael E. Spears, Esquire**

164.     Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

165.    On August 5, 2013, the Commonwealth of Pennsylvania filed a Criminal Complaint against Mr. Kozel in the Court of Common Pleas of Allegheny County, at Docket Number CP-02-CR-0015401-2013, in which he was charged with 2 counts Aggravated Indecent Assault, 2 counts Indecent Assault, 2 counts Endangering the Welfare of Children, 2 counts Unlawful Contact with Children, and 2 counts Corruption of Minors.

166.    The criminal proceedings were initiated due to the false statements made by these Defendants.

167.    By making patently false statements regarding Mr. Kozel to local and state authorities, criminal proceedings were initiated for a purpose other than that for which they are intended.

168.    The criminal proceedings were predicated on an ulterior motive of these Defendants:  namely, to embarrass, harass and extort money from Mr. Kozel.

169.    These Defendants acted with malice toward Mr. Kozel.

170.    As a result of these Defendants' actions, Mr. Kozel suffered severe economic and personal harm, including restraint on his liberty, severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Dallas C. Kozel, Deborah L. Kozel, I.L.K., and Michael E. Spears, Esquire in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

### COUNT VI
### Civil Conspiracy
**Dallas C. Kozel, Deborah L. Kozel, I.L.K.,
and Michael E. Spears, Esquire**

171.     Plaintiff incorporates by reference the above paragraphs as if set forth fully

herein.

172.     Dallas Kozel, Deborah Kozel, I.L.K., and their attorney, Michael Spears, Esquire,

acted in concert with the purpose of bringing and maintaining false criminal charges against Mr.

Kozel.

173.     These Defendants took overt acts in furtherance of their common purpose to

injure Mr. Kozel and/or to extort money from him.

174.     These Defendants acted unlawfully, by falsely reporting claims of sexual abuse

to the Yavapai County Sherriff's Office, the Northern Regional Police Department and/or the

District Attorney's Office in Allegheny County, Pennsylvania to bring and maintain false

charges against Mr. Kozel.

175.     These Defendants acted maliciously, with the intent of injuring Mr. Kozel and

his reputation, or with the intent to extort money from him.

176.     As a result of these Defendants' actions, Mr. Kozel suffered severe economic and

personal harm, including restraint on his liberty, severe embarrassment, loss of standing in the

community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter

judgment in his favor and against Dallas C. Kozel, Deborah L. Kozel, I.L.K., and Michael E.

Spears, Esquire in an amount in excess of $75,000.00, together with costs, attorney's fees,

punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

**COUNT VII**
**Defamation**
**Dallas C. Kozel, Deborah L. Kozel, I.L.K.,**
**and Michael E. Spears, Esquire**

177.    Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

178.    These Defendants reported false claims of sexual abuse to the Yavapai County Sherriff's Office, the Northern Regional Police Department and/or the District Attorney's Office in Allegheny County, Pennsylvania.

179.    The recipients of this information understood that that these statements were intended to apply to Mr. Kozel and understood the defamatory purpose of these statements.

180.    These statements were defamatory *per se* because they related to purported criminal conduct on behalf of Mr. Kozel.

181.    These Defendants knowingly and maliciously made false statement ascribing conduct to Mr. Kozel which they knew would adversely affect his personal reputation and business.

182.    As a result of these Defendants' actions, Mr. Kozel suffered severe economic and personal harm, including severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Dallas C. Kozel, Deborah L. Kozel, I.L.K., and Michael E. Spears, Esquire in an amount in excess of $75,000.00, together with costs, attorney's fees,

punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

**COUNT VIII**
**Violation of 42 Pa.C.S.A. § 8351:  Dragonetti Act**
**Michael E. Spears, Esquire**

183.    Plaintiff incorporates by reference the above paragraphs as if set forth fully herein.

184.    As the attorney and law firm of counsel for Dallas Kozel, Deborah Kozel and I.L.K., Mr. Spears was integral in reporting sexual molestation to the authorities and the Allegheny County District Attorney's Office with the purpose and intention that the Commonwealth of Pennsylvania would bring charges against Mr. Kozel.

185.    Mr. Spears acted in a grossly negligent manner and without probable cause by reporting such a claim that had no basis in law and which was based on false representations.

186.    On July 22, 2014, the honorable Donna Jo McDaniel acquitted Mr. Kozel of all charges.

187.    Mr. Spears acted in bad faith, with the primary purpose of harassing and maliciously injuring Mr. Kozel and/or extorting money from him.

188.    As a result of these Defendants' actions, Mr. Kozel suffered severe economic and personal harm, including severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Michael E. Spears, Esquire in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

## COUNT IX
## Violation of 28 U.S.C. § 1983: Failure to Investigate
**Scott J. Rick**

189.     Plaintiff incorporates by reference the above paragraphs as if set forth fully

herein.

190.     Mr. Rick personally investigated the case against Mr. Kozel and was responsible

for interviewing witnesses.

191.     Mr. Rick was personally present during interviews of Dallas Kozel and I.L.K. on

February 27, 2013, June 6, 2013, and July 7, 2013.

192.     Mr. Rick was personally present to hear severe inconsistencies and changes in

both Dallas Kozel's story and I.L.K.'s story from one interview to the next.

193.     Mr. Rick must have entertained serious doubts as to the truth of Dallas Kozel's

and I.L.K.'s statements.

194.     Mr. Rick arranged for Dallas Kozel and I.L.K. to meet with the Allegheny

County District Attorney's Office on February 27, 2013, and specifically to meet with DDA

Laura Ditka, despite the fact that Deborah Kozel's sister-in-law had a personal connection to

Ms. Ditka.

195.     Mr. Rick was in continued contact with Deborah Kozel and Michael Spears

throughout the investigation.

196.     Prior to the warrant, Mr. Rick failed to interview any other key witnesses

identified by Dallas Kozel and I.L.K., including Mr. Kozel and Deanna Kozel.

197.     Mr. Rick knowingly and deliberately, or with a reckless disregard for the truth,

made false statements or omissions that created a falsehood in applying for a warrant to be

issued against Mr. Kozel.

198.    Such statements or omissions were material, or necessary, to the finding of probable cause against Mr. Kozel.

199.    Furthermore, after the warrant was issued against Mr. Kozel, but prior to the Magistrate Hearing on November 6, 2013, Mr. Rick interviewed Deanna Kozel, who provided exculpatory information.

200.    After the Magistrate Hearing concluded, Mr. Rick received two telephone calls from Deanna Kozel's attorney, Charles Porter, who reported that Deanna Kozel believed she was being harassed and threatened by Deborah Kozel and/or people associated with Deborah Kozel.

201.    Mr. Rick did not pursue any investigation into the alleged harassment and/or threats.

202.    As a result of these Defendants' actions, Mr. Kozel suffered severe economic and personal harm, including severe embarrassment, loss of standing in the community, loss of business opportunities and legal costs.

WHEREFORE, David F. Kozel respectfully requests that this honorable Court enter judgment in his favor and against Scott J. Rick in an amount in excess of $75,000.00, together with costs, attorney's fees, punitive damages and any other relief this Court deems just and proper under the circumstances of this matter.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated:  September 18, 2014          By:     */s/ Heather S. Heidelbaugh*
                                            Heather S. Heidelbaugh
                                            PA ID No. 49989
                                            hheidelbaugh@leechtishman.com
                                            Steven M. Toprani
                                            PA ID No. 93217
                                            stoprani@leechtishman.com
                                            Patrick R. Malone
                                            PA ID No. 206479
                                            pmalone@leechtishman.com
                                            525 William Penn Pl., 28th Floor
                                            Pittsburgh, PA 15219
                                            (412) 261-1600 (Main)
                                            (412)-227-5551 (Fax)

                                            *Attorneys for Plaintiff,*
                                            *David F. Kozel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2014, I electronically filed the foregoing Complaint, with the Clerk of the Court using the CM/ECF system which sent electronic notification to the following:

Sheryl L. Brown, Esquire
Michael E. Truncellito, Esquire
Siana, Bellwoar & McAndrew
941 Pottstown Pike
Suite 200
Chester Springs, PA 19425

*(Attorneys for Defendant, Scott J. Rick)*

Jason T. Shipp, Esquire
Goldberg Persky White, P.C.
1030 Fifth Ave.
Pittsburgh, PA 15219

*(Attorney for Defendants, Deborah Kozel,
Dallas Kozel, & I.L.K.)*

Dennis J. Roman, Esquire
Charlene S. Seibert, Esquire
Rebecca G. Yanos, Esquire
Marshall, Dennehey, Warner, Coleman & Coggin
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219

*(Attorneys for Defendant, Michael E. Spears)*


LEECH TISHMAN FUSCALDO & LAMPL, LLC


Dated:  September 18, 2014          By:     */s/ Heather S. Heidelbaugh*
                                            Heather S. Heidelbaugh
                                            PA ID No. 49989
                                            hheidelbaugh@leechtishman.com
                                            Steven M. Toprani
                                            PA ID No. 93217
                                            stoprani@leechtishman.com
                                            Patrick R. Malone
                                            PA ID No. 206479
                                            pmalone@leechtishman.com
                                            525 William Penn Pl., 28th Floor
                                            Pittsburgh, PA 15219
                                            (412) 261-1600 (Main)
                                            (412)-227-5551 (Fax)

                                            *Attorneys for Plaintiff,*
                                            *David F. Kozel*