**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| DAVID F. KOZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-1672-DCC |
| | ) | |
| DEBORAH L. KOZEL, MICHAEL E. SPEARS, Esq., DALLAS C. KOZEL, and INDIA L. KOZEL, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

# ORDER

Plaintiff filed a Motion to Seal on May 17, 2019, and provided the documents for in camera review. ECF No. 379. Before this Court may seal the Documents, it must: (1) provide public notice of the request to seal and allow interested parties an opportunity to object; (2) consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings in support of the decision to seal and reject alternatives to sealing. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

*Public Notice.*

The filing of this motion on the Court's ECF system provides notice to all parties to this action as well as public notice of Plaintiff's request to seal. *See, e.g.* Local Civil Rule 5.3(D) (noting that, "[a]bsent direction to the contrary, this [public notice] may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal").

*Less Drastic Alternatives.*

The relevant exhibits cannot be simply redacted because they are either therapy notes or reports from mental health professionals which include sensitive, personal information regarding the then-minor Defendants. As for the memorandum of law, Plaintiff has redacted the limited portions that quote from these confidential exhibits and requests only that those portions of the memorandum be filed under seal.

For these reasons, it appears that there are no less drastic measures that can be taken to ensure the confidentiality of these private Documents relating to the Defendants' medical and psychological histories.

***Reasons for the Seal.***

As noted above, each of the exhibits sought to be sealed contains sensitive information. Publicly filing the Documents does not serve the public interest, and Plaintiff understands the Kozel Defendants to maintain that public filing may impinge upon their privacy rights. As such, they have asked the Documents be kept confidential. *See, e.g., In re The Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The trial court . . . may, in its discretion, seal documents if the public's right of access is outweighed by competing interests"). Moreover, it appears from the separately sealed attachment labeled, "Confidential Information to be Submitted to the Court in Connection with Motion to Seal," submitted herewith for *in camera* review pursuant to Local Civil Rule 5.03(C), redacting the exhibits would result in the filing of entirely blacked-out pages. In sum, the sensitive nature of the limited set of Documents at issue counsels in favor of a seal, and the Court finds that less drastic measures (such as redaction) are not viable options.

Upon due consideration of Plaintiff's Motion to Seal [ECF No. 379] and review of the documents submitted *in camera* regarding same,

**IT IS HEREBY ORDERED** that Plaintiff may file each of the documents listed on the chart below under seal. chart below under seal.

| Exhibit | Description |
|---|---|
| C | Dr. Schachner's letter dated October 11, 2005 (KozelDefs_00945) |
| D | Excerpts of Kim Rosborough's Production |
| H | Excerpts from Spring Ridge records (Spring Ridge 000018) |
| Memorandum of Law | Plaintiff's Memorandum of Law in Opposition to the Kozel Defendants' Omnibus Motion *in Limine* (dated May 16, 2019) - Unredacted |

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

May 22, 2019
Spartanburg, South Carolina