UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| David F. Kozel, | C/A No. 7:16-cv-01672-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Deborah L. Kozel, Dallas C. Kozel, India L. Kozel, | |
| Defendants. | |

This matter is before the Court on Defendants Dallas C. Kozel ("Dallas") and India L. Kozel's ("India") motion for a new trial or, in the alternative, for set-off; Defendant Deborah L. Kozel's ("Deborah") motion to set-off judgment; and Plaintiff's bill of costs. ECF Nos. 426, 428, 429. All motions have been fully briefed. ECF Nos. 427, 430, 431, 432, 433, 434.

## PROCEDURAL HISTORY

This action was originally filed in the Western District of Pennsylvania. ECF No. 1. Plaintiff alleged claims of defamation per se as to Deborah, Dallas, and India and malicious prosecution as to Dallas and India, among other claims that concluded prior to trial. Dallas and India raised counterclaims. This matter was tried before a jury from June 10, 2019, through June 21, 2019. After due deliberations, the jury found for Plaintiff on his claim for malicious prosecution as to Dallas and India and on his claim for defamation as to Deborah. On June 21, 2019, the Clerk entered judgment in favor of Plaintiff pursuant to the jury verdict.

**DISCUSSION**

***Dallas and India's Motion for a New Trial***

Dallas and India contend they are entitled to a new trial because the jury returned inconsistent verdicts, the amount of damages awarded by the jury illustrates its failure to follow the law as instructed by the Court, and because the improper conduct of Plaintiff's counsel unfairly prejudiced them. ECF No. 429. The Court disagrees.

Rule 59(e) of the Federal Rules of Civil Procedure provides for a motion to alter or amend a judgment. Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). "Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (citation and internal quotation marks omitted). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

Dallas and India argue that the jury finding them liable for malicious prosecution[1] and not liable for defamation per se[2] illustrates that the jury failed to follow the law as instructed by the Court. However, the claims of malicious prosecution and defamation per se are separate causes of action with distinct elements. Even if the same allegedly false claims by Dallas and India created the factual predicate for both causes of action, there are absolute[3] and qualified privileges applicable to the defamation cause of action which could explain the jury's verdict. The jury's findings were within their discretion, and Dallas and India have not demonstrated that the verdict was against the clear weight of the evidence.

---

[1] To recover for malicious prosecution, the jury was instructed that it must find Plaintiff proved: (1) the institution or continuation of original judicial proceedings, (2) by or at the instance of the of the defendant, (3) the termination of such proceedings in plaintiff's favor, (4) defendant's malice in instituting the proceedings, (5) lack of probable cause for the proceeding, and (6) resulting injury or damage.

[2] To recover for defamation per se, the jury was instructed that it must find Plaintiff proved: (1) a false and defamatory statement by the defendant concerning the plaintiff, (2) an unprivileged publication by the defendant to a third party, (3) fault on the defendant's part in publishing the statement, and (4) either actionability of the statement irrespective of special harm or the existence of special harm to the plaintiff caused by the publication.

[3] As the jury was instructed, there is an absolute privilege for statements made to authorities in the course of a judicial proceeding including during the criminal investigation leading to the judicial proceeding. See *Zeiny v. Wash. Safety Mgmt. Sols., LLC*, C/A No. 1:09-cv-02821-TLW, 2012 WL 10844374 (D.S.C. Mar. 2, 2012); *Pawlowski v. Smorto*, 588 A.2d 36 (Pa. Super. Ct. 1991); *Crowell v. Herring*, 392 S.E.2d 464 (S.C. Ct. App. 1990).

Dallas and India next argue that the amount of damages awarded by the jury illustrates that they did not follow the law. The jury awarded Plaintiff $1.00 from both Dallas and India for malicious prosecution. They contend this was a result of Plaintiff's counsel's closing argument wherein she requested that the jury forego punitive damages against these Defendants and take into account their ability to pay. Dallas and India contend that these statements invited the jury to ignore the instructions by the Court. The Court disagrees.

It is uniquely within the province of the jury to determine the amount of damages to be awarded as long as the award is supported by the evidence and authorized by law. Here, Plaintiff—Dallas and India's father—requested that the jury decline to award punitive damages against his daughters and to take into consideration their financial situations with respect to any award of actual damages. The jury responded by awarding nominal actual damages of $1 against each daughter. Given the familial relationship, Plaintiff's unique ability to value the non-economic harm suffered by him, and Plaintiff's theory of the case that his daughters were in many ways victims of their mother's efforts to extract money from him, the Court finds that a reasonable jury could reach this result based upon the evidence of record.

Finally, Dallas and India argue that the improper conduct of Plaintiff's counsel unfairly prejudiced them. They contend that Plaintiff knowingly and intentionally falsely

testified that Judge McDaniel[4] had called the criminal prosecution against him a "cruel hoax" when this Court had previously ruled that Judge McDaniel's statements would be precluded at trial. Dallas and India assert that this was an intentional decision to introduce the "cruel hoax" statement. They argue that this conclusion is supported by other misrepresentations made by Plaintiff and his counsel at trial. Dallas and India contend that, as a result of Plaintiff's counsel's conduct, it would constitute a miscarriage of justice to allow the verdict to stand. The Court disagrees.

While it is true that there were occasions during this two-week trial where the Court had to intervene to issue a ruling against Plaintiff's counsel or give a curative instruction, there was nothing that rises to a level sufficient to require the setting aside of the jury's verdict. In short, this was an extremely contested, highly emotional trial where counsel for both sides very zealously represented their clients. The jury heard the evidence and essentially had to decide whom to believe. There was sufficient evidence to support a verdict either way. The jury chose to believe Plaintiff and that decision will not be disturbed by this Court.

Thus, Dallas and India's motion for a new trial is denied.

***Dallas and India's Motion for Set-Off***

"South Carolina's setoff rule rests on the 'almost universally held [principle] that there can be only one satisfaction for an injury or wrong.'" *Atlas Food Sys. and Serv., Inc.*

---

[4] Judge McDaniel presided over Plaintiff's criminal trial in Pennsylvania.

*v. Crane Nat. Vendors, Inc.,* 99 F.3d 587, 596 (4th Cir. 1996) (quoting *Truesdale v. S.C. Highway Dep't,* 213 S.E.2d 740, 746 (1975)); *Rutland v. S.C. Dep't of Transp.,* 734 S.E.2d 142, 145 (S.C. 2012). Thus, a court "must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, so long as the settlement funds were paid to compensate the same plaintiff on a claim for the same injury." *Smith v. Widener,* 724 S.E.2d 188, 190 (S.C. Ct. App. 2012); *see also* S.C. Code Ann. § 15-38-50(1). "Likewise, when the prior settlement involves compensation for a different injury from the one tried to verdict, there is no setoff as a matter of law." *Id.* at 191.

Section 15-38-50 of the South Carolina Code provides in relevant part:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (1) . . . it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater . . . .

Here, Plaintiff argues that "any reduction in the judgment must be from a settlement for the same cause of action." ECF No. 432 at 12 (quoting *Riley v. Ford Motor Co.*, 777 S.E.2d 824, 831 (S.C. 2015)). However, the key consideration is whether the prior payment was for the *same injury*. Indeed, Plaintiff's reliance on *Riley* here is unavailing for several reasons.

First, *Riley* was a crashworthiness case where the court found set-off was proper against Ford for the amount paid by the at-fault driver on the wrongful death claim.

6

However, since the survival claim related to bodily injury (i.e. conscious pain and suffering) and Plaintiff's claim against Ford was a design defect which caused enhanced injuries to the point of death, set-off would be inappropriate as to that cause of action.

Second, in this case, there is no distinct separately identifiable injury such as death versus conscious pain and suffering. Here, Plaintiff seeks recovery from multiple defendants by way of multiple causes of action for the same injury, i.e., "compensable damages and personal harm, including restraint on his liberty, severe embarrassment, loss of reputation and standing in the community, and legal costs." ECF No. 90 ¶¶ 240 and 248. Accordingly, the language of Plaintiff's Second Amended Complaint itself establishes that each of the claims (causes of action) seek recovery for the same harm.

Finally, even if this Court were to accept Plaintiff's unduly literal reading of *Riley* (and the cases cited thereafter in Plaintiff's response to the motion) to find that the settlement must be for the "same cause of action," set-off would still apply. The jury returned a verdict against Dallas and India on Plaintiff's claim for malicious prosecution—Count III of Plaintiff's Second Amended Complaint. One of the five counts which was settled by Defendant Michael E. Spears was Plaintiff's claim for malicious prosecution—Count IV of Plaintiff's Second Amended Complaint. The gravamen of both Counts III and IV is that Defendants made false and malicious statements to law enforcement which resulted in Plaintiff's criminal prosecution. Indeed, except for the Defendants' names,

much of the language in both Counts is identical. Accordingly, the Court finds that, at least in part, the Spears Settlement was for the same cause of action.[5]

"When a settlement involves two or more claims, one of which involves the same injury as the claim tried to verdict and one or more of which does not, the court must make a factual determination of how to allocate the settlement between the claims." *Morris v. Bland,* C/A No. 5:12-cv-03177-RMG, 2014 WL 12637911, at *13 (D.S.C. Dec. 31, 2014) (citing *Smith*, 724 S.E.2d at 191). "[T]he jurisdiction of the court to set off one judgment against another is equitable in its nature, and should be exercised so as to do justice between parties." *Riley*, 777 S.E.2d at 830 (quoting *Rookard v. Atlanta and Charlotte Air Line Ry. Co.*, 71 S.E.2d 992, 995 (S.C. 1911)). Plaintiff acknowledges that his settlement with Spears was based on five separate causes of action: civil conspiracy, malicious prosecution, abuse of process, defamation per se, and intentional infliction of emotional distress. ECF No. 432 at 13. Because the Spears Settlement is unallocated and Plaintiff's damages are largely noneconomic in nature and incapable of computation to a mathematical certainty, the Court finds that the total Spears Settlement should be apportioned in equal part to each of the five causes of action resulting in one-fifth of the total amount to be set off against the verdict as to India and Dallas. Since the verdict here was for nominal damages of $1 against each daughter, the set-off is total.

---

[5] Likewise, Plaintiff's argument as to the verdict form and "empty chair" apportionment is unavailing and contrary to law. *See Smith v. Tiffany*, 799 S.E.2d 479 (S.C. 2017).

Accordingly, Dallas and India's motion for set-off is granted.

***Deborah's Motion to Set-Off Judgment***

The verdict against Deborah was for defamation per se. This claim was Count VI of Plaintiff's Second Amended Complaint. That Count named Defendants Deborah, Dallas, India, and Spears. Accordingly, the verdict was for the same claim and the same injury that was part of the Spears Settlement. For the same reasons of equitable allocation set forth above, Deborah is entitled to set-off in the amount of one-fifth of the total value of the Spears Settlement. Consequently, Deborah is entitled to set-off in the amount of $80,000, thereby reducing the judgment against her to a total of $95,000.00.

Accordingly, Deborah's motion to set-off judgment is granted in part and denied in part.

***Plaintiff's Bill of Costs***

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Supreme Court has held that "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). However, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* "A 'prevailing party' is 'a party in whose favor a judgment is rendered [or] one who has been awarded some relief by the court . . . .'" *Liberty Mut. Fire Ins. Co.*

*v. J.T. Walker Indus., Inc.*, No. CIV.A. 2:08-2043-MBS, 2012 WL 4584179, at *3 (D.S.C. Sept. 28, 2012), *aff'd sub nom. Liberty Mut. Fire Ins. Co. v. JT Walker Indus., Inc.*, 554 F. App'x 176 (4th Cir. 2014) (alteration in original) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001)). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

The Fourth Circuit has articulated the following factors to consider in determining whether there would be an element of injustice in awarding costs to the prevailing party: (1) misconduct by the prevailing party; (2) the non-prevailing party's inability to pay the costs; (3) excessiveness of the costs; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Id*.

In this case, while the issues were hotly contested and vigorously argued, there was no disqualifying misconduct on the part of Plaintiff or his counsel. Plaintiff's victory was not of limited value, and the Court cannot say that the costs requested are excessive except that the fees for deposition transcripts and exhibit copying include much material rendered irrelevant by the Court's pre-trial rulings. However, despite the jury's ultimate conclusion, the Court does find that this case was relatively close and difficult based upon the amount of evidence in support of each side's theory of the case. Further, and most importantly, the Court finds that Defendants are unable to pay the costs requested without

imposing a substantial hardship of each of them for years to come based upon their minimal employment and meager resources.

Based upon these circumstances, the Court finds it would be inequitable to award costs in this case. Thus, Plaintiff's Bill of Costs in denied.

## **CONCLUSION**

Based on the foregoing, Defendants Dallas and India Kozel's motion for a new trial or, in the alternative, for set-off [429] is **GRANTED in part and DENIED in part**; Defendant Deborah Kozel's motion to set-off judgment [428] is **GRANTED in part and DENIED in part**; and Plaintiff's bill of costs [426] is **DENIED**.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

November 18, 2019
Spartanburg, South Carolina